## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00021 (WLS-TQL-2) |
| TEMPERIN WHITE, | : |
| | : |
| Defendant. | : |

### ORDER

Before the Court is a "Joint Motion for Continuance" filed by the parties in the above-styled action December 21, 2021. (Doc. 54.) Therein, counsel for the Government and Defendant Temperin White ask that this Court continue this case to the next available trial term. (*Id.*) Though discovery has been provided in this case, the parties assert that additional time is needed to reach a pretrial resolution in this case. (*Id.*) The parties also express that they do not see any matters that warrant further briefing. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that

the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Joint Motion for Continuance (Doc. 54) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 20th day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**